IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF, AMERICA, INC., ROBERT KLEIN ENGLER, and DR. GENE A. REISINGER, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>VILLAGE OF OAK PARK and DAVID POPE, President, <br><br>　　　　Defendants. | Hon. Milton I. Shadur <br> Mag. Sidney I. Schenkier <br><br> Case No. 08-C-3696 |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' CLAIMS AGAINST DAVID POPE**

NOW COME the DEFENDANTS, VILLAGE OF OAK PARK (the "Village") and DAVID POPE, its President, by and through their attorneys Klein, Thorpe and Jenkins, Ltd., and hereby request the Court to dismiss Counts I, II and III of Plaintiffs' Complaint against David Pope pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their Motion to Dismiss, Defendants state as follows:

**INTRODUCTION**

Plaintiffs filed a three-count complaint on June 27, 2008 challenging the constitutionality of the Village's weapons control ordinance, Oak Park Village Code, § 27-2-1. Plaintiffs named the Village of Oak Park and David Pope as defendants. Specifically, Plaintiffs claim that the Second and Fourteenth Amendments to the United States Constitution establish a right to possess weapons that Village ordinance infringes, that the Village ordinance infringes the Equal Protection Clause of the Fourteenth Amendment by allowing licensed firearm collectors and theater organizations to possess weapons, and that the federal Firearms Owners' Protection Act preempts the Village weapons

iManage: 219424_1

ordinance. Each of the three counts requests a declaratory judgment that the Village weapons ordinance be found null and void and for preliminary and permanent injunctions enjoining the Defendants from enforcing the ordinance.

The complaint comes as a result of the Supreme Court's opinion in *District of Columbia v. Heller*, 554 U.S. ___ (2008), decided the day before the filing of this lawsuit. Plaintiffs allege that Pope, President of the Village, is responsible for enforcing the weapons ordinance. Complaint ¶¶ 16, 18, 19. According to the complaint, Plaintiffs would posses, transfer, and transport weapons throughout the Village, but-for Pope's enforcement of the weapons ordinance. *Id.* ¶¶ 18, 19.

I. **LEGAL STANDARD FOR A 12(b)(6) MOTION**

On a motion to dismiss pursuant to Section 12(b)(6), the court decides whether the federal complaint sufficiently states either direct or inferential allegations concerning all material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir. 1979). Moreover, the court is not required to accept legal conclusions either alleged or inferred from the pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.*, 758 F.2d 203, 207 (7th Cir. 1985).

II. **PLAINTIFFS' CLAIMS AGAINST POPE ARE REDUNDANT OR INAPPLICABLE**

All counts against Pope should be dismissed because Plaintiffs have not, and cannot, state allegations to sustain a claim against Pope, as he has only been sued in his official capacity and because he cannot enforce the weapons ordinance.

A. **Pope's Presence as a Defendant is Redundant Because He is Being Sued Only in His Official Capacity**

A lawsuit against a government official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v.*

*Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 55 (1978)). If the official's government entity has notice and an opportunity to respond, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" and "the real party in interest is the entity." *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464 (1985)); *see also Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987).

Because a lawsuit against a government official in his official capacity is redundant when his government entity is also named, such claims should be dismissed. *See Kerry M. v. Manhattan School Dist.*, 2004 WL 2538303, *5 (N.D.Ill.) (dismissed Individuals with Disabilities Education Act claims against special education director sued in her official capacity); *Kiser v. Naperville Community Unit*, 227 F.Supp.2d 954, 960-61 (N.D.Ill. 2002) (dismissed Age Discrimination in Employment Act claims against board of education members sued in their official capacities); and *Admiral Theatre v. City of Chicago*, 832 F.Supp. 1195, 1199-200 (N.D.Ill. 1993) (dismissed 42 U.S.C. § 1983 claims against Mayor and Director sued in their official capacities).

Pope has been sued in his official capacity as President of the Village of Oak Park. Complaint ¶¶ 6, 23, 26, 30. The claims against Pope serve no useful purpose because the Village of Oak Park is also a defendant to the same claims. *Id.* ¶¶ 7, 23, 26, 30. Because the Village is the real party in interest, the claims against Pope are redundant and the Defendants request the Court to dismiss the claims against him. *Admiral Theatre*, 832 F.Supp. at 1199-200.

### B.     Pope is Not Responsible for Enforcing the Village's Weapons Ordinance

Alternatively, if the Court holds that the claims against Pope should stand, despite the fact that he is being sued only in his official capacity, Plaintiffs' claims against Pope should be dismissed because he is not responsible for enforcing the Village's weapons ordinance contrary to Plaintiffs' allegations. The Village operates under the managerial form of municipal government within the Illinois Municipal Code. Oak Park Village Code, § 2-4-1; 65 ILCS 5/5-1-1, *et seq.* The Village

President is recognized as the official head of the Village for service of civil process and he may veto certain resolutions and motions, but he has no authority to enforce the laws and ordinance of the Village.  65 ILCS 5/5-3-1, 5-3-2 and 5-3-7.  Under the managerial form of government, the Village Board of Trustees appoints a municipal manager whose power and duties include enforcement of the laws and ordinance within the Village.  Oak Park Village Code, § 2-4-2; 65 ILCS 5/5-3-7.  Plaintiffs sued Pope in his official capacity as Village President.  Complaint ¶ 6.  Plaintiffs claim that Pope is responsible for enforcing the Village weapons ordinance through the Village police force and supervising the force in general.  *Id.* ¶¶ 16, 17.  He is also alleged to be the reason why Plaintiffs cannot possess, transfer, and transport weapons in the Village.  *Id.* ¶¶ 18, 19.

As President of a Village that operates under the managerial form of government, it is clear that Pope has no duty to enforce Village laws and ordinances; such responsibility is clearly vested in the Village Manager.  Furthermore, even if Pope sought to enforce the weapons ordinances, as Plaintiffs allege, it would be impossible for him to do so because such power is vested solely with municipal managers under the Illinois Municipal Code.  Oak Park Village Code, § 2-4-2; 65 ILCS 5/5-3-7.  Therefore, the Defendants respectfully request that Plaintiffs' claims against Defendant David Pope be dismissed.

### III.  **CONCLUSION**

Based on the foregoing, all three Counts against David Pope should be dismissed as redundant or inapplicable.

**WHEREFORE**, Defendants, VILLAGE OF OAK PARK (the "Village") and DAVID POPE, its President, respectfully request that this Honorable Court enter an order granting their Rule 12(b)(6) motion to dismiss Counts I, II and III against David Pope, and for such further relief deemed equitable and just.

                        Respectfully submitted,

                          /s/ Lance C. Malina
                        One of Defendants' Attorneys

Lance C. Malina
Jacob Karaca
Klein, Thorpe and Jenkins, Ltd.
20 N. Wacker Dr., Suite 1660
Chicago, IL 60606-2903
312-984-6400