IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 3696 |
| VILLAGE OF OAK PARK, | ) ) | |
| Defendant. | ) ) | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 3697 |
| THE CITY OF CHICAGO, ET AL., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 25 this Court issued its memorandum opinion and order ("Opinion") that granted in part and denied in part plaintiff NRA's motion for its attorneys' fees in these two actions. In the process of untangling the arguments and counterarguments dealing with the amount of the award, the Opinion did not speak to the question of the two defendants' respective responsibilities for payment of the ultimate award (that omission was of course understandable because the parties' artillery was really trained on other targets). To be sure, NRA's Mem. 1-2 said briefly that Oak Park and Chicago are jointly and severally liable for a portion of the award,

but it did not explain why. On that score Robinson v. City of Harvey, 617 F.3d 915, 917 (7th Cir. 2010) explains:

> [W]hen multiple defendants are jointly and severally liable for an award of damages, they are also jointly and severally liable for attorneys' fees under §1988.

But here Oak Park and Chicago were not "multiple defendants" -- each had a separate ordinance, and NRA brought separate lawsuits against the two municipalities.

It is true that on appeal the cases were consolidated, so that NRA's submission as to fees characterizes the bulk of its lawyers' services as providing value to both cases. That however does not justify imposing joint and several liability, the consequence of which would be that NRA would be free to choose from which defendant it would seek a greater recovery, thus imposing a disproportionate share of the burden on that defendant.[1]

Instead the more fair approach will be to allocate the largest part of the fee award -- the portion that NRA ascribes to both lawsuits -- ratably between Oak Park and Chicago, so that each will bear (1) a several (and not joint) liability for that ratable share plus (2) the amount that NRA has ascribed to that defendant alone. Because each of the parties has a stake in the answer to the issue posed here, each is directed to provide a statement as to its position in time for the subject to be considered together with the others posed by the Opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2012.

---

[1] Indeed, such a search for a deeper pocket was a specified source of concern in the Robinson case (see 617 F.3d at 917).